IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARMANDO EUGENE HICKS, a/k/a ARMONDO EUGENE HICKS, | § § § | |
| *Petitioner,* | § § | |
| v. | § § | CIVIL ACTION No. H-14-0985 |
| WILLIAM STEPHENS, | § § § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court in this *pro se* section 2254 habeas case are respondent's motion for summary judgment (Docket Entry No. 14) and petitioner's cross motion for summary judgment (Docket Entry No. 15).

Based on consideration of the motions, the record, and the applicable law, the Court **GRANTS** respondent's motion for summary judgment, **DENIES** petitioner's cross motion for summary judgment, and **DISMISSES** this case for the reasons that follow.

### I. PROCEDURAL BACKGROUND

Petitioner was convicted of possession of cocaine with intent to deliver, and sentenced to life imprisonment. The conviction was affirmed on appeal. *Hicks v. State*, No. 13-11-00636-CR, 2013 WL 782701 (Tex. App.— Corpus Christi 2012, pet. ref'd). The Texas Court of Criminal Appeals refused discretionary review and denied petitioner's application for state habeas relief. *Ex parte Hicks*, No. WR-47,221-11.

Petitioner claims in the instant habeas petition that the trial court erred in:

(1) failing to require the State to disclose the informant's identity and produce him at trial;

(2) denying petitioner's request for a dismissal based on entrapment; and

(3) allowing admission of inadmissible physical evidence.

Respondent argues that these grounds are procedurally barred and/or without merit.

## II. THE APPLICABLE LEGAL STANDARDS

A. <u>Habeas Review</u>

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court, or if it confronts a set of facts that are materially indistinguishable from such a decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7–8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id.* at 411. "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 131 S. Ct. at 786. As stated by the Supreme Court in *Richter*,

> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal.

*Id.* (emphasis added; internal citations omitted).

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller–El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying

factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Miller–El*, 537 U.S. at 330–31.

B. <u>Summary Judgment</u>

In deciding a motion for summary judgment, the district court must determine whether the pleadings, discovery materials, and the summary judgment evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Once the movant presents a properly supported motion for summary judgment, the burden shifts to the nonmovant to show with significant probative evidence the existence of a genuine issue of material fact. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

While summary judgment rules apply with equal force in a section 2254 proceeding, the rules only apply to the extent that they do not conflict with the federal rules governing habeas proceedings. Therefore, section 2254(e)(1), which mandates that a state court's findings are to be presumed correct, overrides the summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmovant. Accordingly, unless a petitioner can rebut the presumption of correctness of a state court's factual findings by clear and convincing evidence, the state court's findings must be accepted as correct by the federal habeas court. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

## III. ANALYSIS

Respondent argues that petitioner's three claims for trial court error are procedurally barred from consideration by this Court because the state court properly resolved the claims under state law and/or denied them on the basis of independent and adequate state laws.

A.  Improper Rulings

Petitioner claims that the trial court erred in denying his motion to dismiss because he established entrapment as a matter of law. He further argues that the trial court erred in not ordering disclosure of the confidential informant's identity and his appearance at trial.

Petitioner raised these issues on state collateral review, but not on direct appeal. In denying these grounds on collateral review, the state trial court made the following relevant findings of fact:

> 5. The applicant's claim of trial court error based on the failure to require the disclosure of the confidential informant is based entirely on the appellate record and could have been raised on direct appeal.
>
> 6. The applicant's claim of trial court error based on the failure to dismiss the case against him because he asserted the defense of entrapment is based entirely on the appellate record and could have been raised on direct appeal.

*Ex parte Hicks*, p. 44. The trial court also made the following relevant conclusion of law:

> 2. None of the claims presented by the applicant are cognizable in a [state application for] writ of habeas corpus because they are based entirely on the appellate record and could have been raised on direct appeal.

*Id.*, citation omitted. The Texas Court of Criminal Appeals expressly relied on the trial court's findings in denying habeas relief. *Id.*, at cover.

It is well established that federal habeas review of a claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Brewer v. Quarterman*, 466 F.3d 344, 347 (5th Cir. 2006). Where a state court has explicitly relied on a procedural bar, a petitioner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice that is attributable to the default. *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

The Fifth Circuit Court of Appeals recognize Texas's procedural default rule and the requirement that claims of record be raised on direct appeal and not on collateral review. *Aguilar v. Dretke*, 428 F.3d 526, 535 (5th Cir. 2005). Because the state court rejected petitioner's claims on the basis of independent and state procedural grounds, they are procedurally barred at this juncture. *See Scheanette v. Quarterman*, 482 F.3d 815, 827 (5th Cir. 2007) (finding the rule that a petitioner must raise a claim on direct appeal before it can be raised on state habeas to be an "adequate state ground capable of barring federal habeas review").

Where a state court has expressly relied on a procedural bar, as did the state court here, a habeas petitioner may not obtain federal habeas relief absent a showing of cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750; *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). A "miscarriage of justice" means that the

petitioner is actually innocent of the crime for which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Petitioner here fails to argue, much less establish, cause and prejudice, and he has not shown that he is actually innocent of the crime for which he was convicted. Accordingly, these two claims of trial court error are procedurally barred from consideration by this Court.

The state court denied relief on these claims. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of these claims.

B. <u>Inadmissibility of Physical Evidence</u>

Petitioner next claims that the trial court erred in admitting into evidence physical evidence (the cocaine) that was fabricated or had been subject to tampering. He further claims that the evidence was inadmissible due to an incomplete chain of custody.

In rejecting these arguments on direct appeal, the intermediate court of appeals held as follows:

> 'Absent evidence of tampering or other fraud, . . . problems in the chain of custody do not affect the admissibility of the evidence.' 'Instead, such problems affect the weight that the fact-finder should give the evidence, which may be brought out and argued by the parties.'
>
> In this case, appellant argues that there was evidence of tampering because, according to a laboratory report by the Texas Department of Public Safety dated October 11, 2005 (approximately five years before appellant's arrest), the cocaine used by law enforcement in appellant's transaction weighed 6.91

7

kilograms; yet, the cocaine admitted as State's exhibit 88 had a gross weight of 7.132 kilograms. We disagree that this is evidence of tampering.

Under section 37.09 of the Texas Penal Code, tampering with evidence occurs when a person 'alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding' or 'makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding.'

At trial, the State's laboratory technician testified regarding the discrepancy in the weight of the cocaine. The first measurement of 6.91 kilograms was 'net weight' (i.e., without packaging), whereas the second measurement of 7.132 kilograms was 'gross weight' (i.e., with packaging). The witness further testified that it is not unusual for the packaging materials to weigh 200 grams or more when dealing with this quantity of cocaine. In light of the foregoing testimony, we conclude that the trial court's ruling was within the zone of reasonable disagreement. Furthermore, any alleged gaps in the chain of custody go to weight, and not admissibility, of the evidence.

*Hicks*, at *3 (citations omitted).

In denying habeas relief on collateral review, the state trial court made the following relevant finding of fact:

> 7. The applicant's claim of trial court error in admitting evidence is based entirely on the appellate record and could have been raised on direct appeal.

*Ex parte Hicks*, p. 44. The trial court also made the following relevant conclusion of law:

> 2. None of the claims presented by the applicant are cognizable in a [state application for] writ of habeas corpus because they are based entirely on the appellate record and could have been raised on direct appeal.

*Id.*, citation omitted. The Texas Court of Criminal Appeals expressly relied on the trial court's findings in denying habeas relief. *Id.*, at cover.

8

The question before this Court is not whether the state trial court properly applied state evidentiary rules, but whether petitioner's federal constitutional rights were violated by the state trial court's rulings on evidentiary matters. *See Bigby v. Dretke*, 402 F.3d 551, 563 (5th Cir. 2005) (holding federal habeas review of a state court's evidentiary ruling focuses exclusively on whether the ruling violated federal constitutional protections). Due process is implicated only for rulings "of such a magnitude" or "so egregious" that they "render the trial fundamentally unfair." *Id.* Relief will be warranted only when the challenged evidence "played a crucial, critical, and highly significant role in the trial." *Id.* The due process inquiry must consider the significance of the challenged evidence "in the context of the entire trial." *See Gonzales v. Thaler*, 643 F.3d 425, 430–31 (5th Cir. 2011).

Petitioner fails to establish that the physical evidence had been tampered with or fabricated, and fails to establish that the trial court's admission of the physical evidence violated his federal constitutional rights or rendered the trial fundamentally unfair. Any other claim for trial court error petitioner attempts to raise herein regarding the physical evidence would constitute a record claim that should have been raised on direct appeal, and has been procedurally defaulted. Petitioner neither argues, much less establishes, good cause and actual prejudice for any procedural default, and the issue is barred from consideration by this Court.

The state court denied relief on this claim. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, federal

9

law, or was an unreasonable determination of the facts based on the evidence in the record. Respondent is entitled to summary judgment dismissal of this claim.

## IV. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 14) is **GRANTED**, petitioner's cross motion for summary judgment (Docket Entry No. 15) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 3rd day of November, 2014.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE